# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                 :        Case No. 3:05-cv-153

                                        District Judge Walter Herbert Rice
   -vs-                                 Chief Magistrate Judge Michael R. Merz

                                  :

EDWARD L. ERB, D.O.,

       Defendant.

---

### SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant's Objections (Doc. No. 16) to the Magistrate Judge's Report and Recommendations (Doc. No. 15) which recommended that the Motion for Summary Judgment of the United States in this student loan case be granted. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

Defendant first objects that he requested a jury trial instead of summary judgment, noting that the jury trial right is protected by the Seventh Amendment and that his demand for a jury was timely made. While the Court agrees that this is the sort of case in which there is a jury trial right protected by the Seventh Amendment, the record is devoid of any timely jury demand made by the Defendant. Fed. R. Civ. P. 38 requires that such a demand be made in conjunction with a pleading or within ten days thereafter. Defendant provides no proof that such a demand was made. It is not endorsed on the Answer (Doc. No. 4) or separately documented at any time within the ten days after answer provided by Fed. R. Civ. P. 38. The Magistrate Judge noted the absence of a jury demand

at the time of the preliminary pretrial conference and set the case for bench trial before Judge Rice (Doc. No. 6). The first written request for trial by jury which the Magistrate Judge has been able to find in the file is that which appears at the end of Plaintiff's memorandum in opposition to summary judgment, filed in late December, 2005, long after the time for making a jury demand expired.

In any event, whether the case was to be tried to the bench or a jury does not prevent the Court from considering a properly filed motion for summary judgment. Summary judgment practice does not violate the Seventh Amendment. *Pease v. Rathbun-Jones Engineering Co.*, 243 U.S. 273, 37 S. Ct. 283, 61 L. Ed. 2d 715 (1917); *Barrett v. Independent Order of Foresters*, 625 F. 2d 73 (11th Cir. 1980); *United States v. Stangland*, 242 F. 2d 843 (7th Cir. 1957).

Defendant next objects "to the amount of damages and the modality in which the interest was determined and the interest percentage rate." Defendant fails to state on what basis he makes these objections. A general objection such as this does not permit focused review of a report and recommendations. "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) and citing *Branch v. Martin*, 886 F.2d1043, 1046 (8th Cir. 1989); and *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). In any event, the interest rate used in the Report is the one called for by the contract which Defendant signed.

Defendant next complains that his deposition was not corrected by him and "not presented in context." The context objection is again quite general and does not allow a focus on what is really being complained of. As to corrections, the court reporter's certificate shows that the transcript was submitted to Dr. Erb and not signed within thirty days of submission. Fed. R. Civ. P. 30(e) allows a deponent thirty days to review and make changes. Defendant does not dispute the accuracy of the

reporter's certificate, does not provide the Court with his own narrative about reviewing the transcript, and does not even now provide the changes he alleges should be made.

Finally, Defendant requests "a continuance until legal representation is obtained." This case has been pending for eight months. More importantly, Defendant has known since at least 1996 that the Government took the position that his surgery residency did not meet the terms of his promise to engage in primary care, which is the key issue in the case. Defendant has failed for ten years to exercise due diligence in obtaining legal counsel. This issue was raised by the Magistrate Judge at the pretrial conference and Defendant expressly disclaimed any intention to obtain an attorney. Further delay would prejudice the United States, which has waited a long time for the performance of Defendant's obligations under his contract.

For the foregoing reasons, it is again respectfully recommended that the Government's Motion for Summary Judgment be granted.

January 5, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v.*

*Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).